UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TEXAS DATA CO., L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET BRANDS, INC., AND<br>TARGET CORPORATION<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.     Texas Data Co., L.L.C. for its Complaint against Defendants Target Brands, Inc. and Target Corporation ("Target", collectively), alleges, based on its own knowledge with respect to its own actions and based upon information and belief with respect to all other actions, as follows:

## THE PARTIES

2.     Texas Data Co., L.L.C. (hereinafter "Plaintiff") is a Texas limited liability company, with its principal office in Longview, Texas 75606-3107.

3.     Plaintiff, as to the false marking claim, represents the United States and the public, including Defendant's existing and future competitors.

4.     Defendant Target Brands, Inc. ("Target Brands") is a Minnesota corporation, with its principal place of business at 33 S 6th Street, Minneapolis, Minnesota, 55402. Target Brands can be served with process at its registered office located at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403.

5.     Defendant Target Corporation ("Target Corp.") is a Minnesota corporation, with its principal place of business at 1000 Nicollet Mall TPN 0945, Minneapolis, Minnesota, 55403.

Target Corp. can be served with process by serving their registered agent, CT Corporation System, at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

6. Defendants regularly conduct and transact business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

7. The federal claim pleaded herein arises under 35 U.S.C. §292(b).

8. Subject matter jurisdiction for this federal claim is conferred upon this Court by 28 U.S.C. §1338(a).

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1395(a), because: (i) Defendants' products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendants are subject to personal jurisdiction in this District, as described above.

10. Plaintiff brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## BACKGROUND

11. This is an action for false patent marking under Title 35, Section 292, of the United States Code related to the up&up Training Pants branded and distributed by Defendants.

12. The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

13. Defendants have violated 35 U.S.C. § 292(a) by marking unpatented articles with the purpose of deceiving the public. More specifically, Defendants, with the purpose of

deceiving the public, make and sell or have made and sold the up&up Training Pants marked with patent numbers that have expired.

14. Used packaging in connection with unpatented products that bear the word "patent" and/or any word or number importing that the product is patented.

15. The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design. Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain.

16. False patent marking is a serious problem. Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete. Furthermore, false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a

reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay. False markings may also create a misleading impression that the falsely marked product is technologically superior to previously available ones, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

17. The false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.

18. Plaintiff, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendants' violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

19. Defendants did not have, and could not have had, a reasonable belief that their products were properly marked.

20. Defendants are large, sophisticated companies.

21. Defendants have, or regularly retain, legal counsel.

22. Defendants have experience applying for patents, obtaining patents, licensing patents and/or litigating in patent-related lawsuits.

23. Defendants know that a patent expires and that an expired patent cannot protect any product.

24. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

25. Defendants' false marking of their products has wrongfully quelled competition with respect to such products thereby causing harm to Plaintiff, the United States, and the public.

26. Defendants have wrongfully and illegally advertised patent monopolies, which it does not possess, and, as a result, have benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

27. Defendants marked (or caused to be marked) at least the products identified herein with the following expired patents: United States Patent Nos. 4,938,753 ("the '753 Patent"); 4,695,278 ("the '278 Patent"); 4,940,464 ("the '464 Patent"); and 5,147,343 ("the '343 Patent").

28. The '278 Patent, titled "absorbent article having dual cuffs," was issued by the United States Patent Office on September 22, 1987, and expired at the latest on October 11, 2005. A copy of the '278 patent is attached as Exhibit A.

29. The '753 Patent, titled "seam construction in a disposable training pant, incontinence garment, or diaper," was issued by the United States Patent Office on July 3, 1990, and expired at the latest on June 27, 2009. A copy of the '753 patent is attached as Exhibit B.

30. The '464 Patent, titled "disposable incontinence garment or training pant," was issued by the United States Patent Office on July 10, 1990, and expired at the latest on July 11, 2009. A copy of the '464 patent is attached as Exhibit C.

31. The '343 Patent, titled "absorbent products containing hydrogels with ability to swell against pressure," was issued by the United States Patent Office on September 15, 1992, and expired at latest on April 10, 2009. A copy of the '343 patent is attached as Exhibit D.

32. Any product or method once covered by the claims of the '278 Patent, '753 Patent, '464 Patent or '343 Patent are no longer protected by the patent laws of the United States.

When the patents expired, their formerly protected property entered the public domain.  When a patent expires, all monopoly rights in the patent terminates irrevocably and, therefore, a product marked with an expired patent is not "patented" by such expired patent.

33. Defendants knew that the '753 Patent expired, at the latest, on June 27, 2009.

34. Defendants knew that the '278 Patent expired, at the latest, on October 11, 2005.

35. Defendants knew that the '464 Patent expired, at the latest, on July 11, 2009.

36. Defendants knew that the '343 Patent expired, at the latest, on April 10, 2009.

37. Despite the fact that the claims of the four patents are no longer afforded patent protection, Defendants marked (or caused to be marked) at least their up&up Training Pants with the '753 Patent, the '278 Patent, the '464 Patent, and the '343 Patent following their respective expiration dates.

38. Because all monopoly rights in the '753 Patent, the '278 Patent, the '464 Patent, and the '343 Patent have terminated, Defendants cannot have any reasonable belief that their up&up Training Pants products are patented or covered by these four patents.

39. Defendants intended to deceive the public by marking (or causing to be marked) its up&up Training Pants products with the said patents.

40. Defendants knew that their up&up Training Pants products were not covered by the said patents when they were marked.

41. Therefore, Defendants intentionally deceived the public by labeling the up&up Training Pants product packaging with the said patents.

## COUNT I

**(False Marking with Expired Patents)**

42. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

43. Defendants falsely marked the up&up Training Pants with the '753 Patent, the '278 Patent, the '464 Patent, and the '343 Patent, which have all expired.  See Exhibits E and F.

44. Defendants knew or reasonably should have known that marking the up&up Training Pants with the said patents was in violation of 35 U.S.C. § 292, which only authorized marking on "patented" article.

45. Defendants intended to deceive the public by marking their up&up Training Pants with the said patents.

## DAMAGES

46. Plaintiff, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendants' violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## JURY DEMAND

47. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

48. Plaintiff requests that the Court, pursuant to 35 U.S.C. § 292:

49. Enter judgment against Defendants and in favor of Plaintiff for the violations alleged in this Complaint;

50. Enter an injunction prohibiting Defendants, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. § 292;

51. Order Defendants to pay a civil monetary fine of $500 per false marking offense, one-half of which shall be paid to the United States and one-half of which shall be paid to Plaintiff;

52. Enter a judgment and order requiring Defendants to pay to Plaintiff prejudgment and post-judgment interest on the damages awarded;

53. Order Defendants to pay Plaintiff's costs and attorney fees; and

54. Grant Plaintiff such other and further relief as it may deem just and equitable.

Dated:  July 23, 2010                                   Respectfully Submitted,


                                            By:  /s/ Gregory P. Love
                                                 Scott E. Stevens
                                                 Texas State Bar No. 24013060
                                                 Matthew M. Hill
                                                 Texas State Bar No. 24041100
                                                 Jason A. Holt
                                                 Texas State Bar No. 24041122
                                                 **STEVENS LOVE**
                                                 P.O. Drawer 3427
                                                 Longview, Texas 75606
                                                 Phone: 903-753-6760
                                                 Fax: 903-753-6761
                                                 scott@stevenslove.com
                                                 matt@stevenslove.com
                                                 jason@stevenslove.com

                                                 **ATTORNEY FOR PLAINTIFF
                                                 TEXAS DATA CO. L.L.C.**