IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TEXAS DATA CO., L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:10-cv-269 |
| | § | |
| TARGET BRANDS, INC. and TARGET CORPORATION, | § | Jury Trial Demanded |
| | § | |
| Defendants. | § | |

PLAINTIFF TEXAS DATA CO., L.L.C.'S RESPONSE AND
OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER
<u>VENUE TO THE EASTERN DISTRICT OF WISCONSIN</u>

Pending before the Court in the above-captioned proceeding is a motion ("Motion") by defendants Target Brands, Inc. and Target Corporation (collectively, "Target") to transfer venue to the Eastern District of Wisconsin. Plaintiff Texas Data Co., L.L.C. ("TDC") opposes the Motion and submits for the Court's consideration the following response in opposition thereto.

I. <u>INTRODUCTION</u>

This is an action for false patent marking in violation of 35 U.S.C. § 292.[1] TDC alleges that, with the purpose of deceiving the public, Target made and sold children's products known as up&up Training Pants ("Pants") marked with four patent numbers that were expired. Further, Target unlawfully advertised the Pants by selling them in packages upon which the expired patents were marked or affixed. Venue is proper in the district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), and Target do not claim otherwise. Instead, they contend that, for reasons of

---

[1] In pertinent part, § 292 provides that "whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public…[s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292(a). Although § 292(a) is a criminal statute, "[a]ny person may sue for the penalty…." 35 U.S.C. § 292(b).

1

convenience and the interest of justice, the case should be transferred to the Eastern District of Wisconsin because (i) witnesses and sources of proof are located there, and (ii) "this case has little meaningful connection to the Eastern District of Texas." Motion, at 1. TDC does not agree.

TDC is a Texas limited liability company with its principal office, management, and documents located in Longview, Texas. It is not--as Target disparagingly and disingenuously--claim, a "front for counsel," Motion, at 1, but an independent business whose business is pursuing false marking cases against patent scofflaws. This is no more--and no less--than the qui tam provisions of § 292 contemplate. See Forest Group, Inc. v. Bon Tool Co., 590 F. 3d 1295, 1303-04 (Fed. Cir. 2009). Indeed, "[b]y permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking." Id. TDC is proud to serve as a private attorney general and apologizes to no such scofflaw--let alone Target--for its efforts to assist the government in enforcing the patent laws. Instead, TDC flatly rejects the Motion's implication that it is an illegitimate or unworthy plaintiff.

For their part, Target are corporations organized and existing under Minnesota law with their principal places of business in Minneapolis, Minnesota. The offending Pants are sold in Target retail stores nationwide and on the Internet. See Motion, at 2. According to Target, the employees "substantively involved" in the product are located in Minneapolis, and documents in their possession relevant to the Pants' "packaging design" are "likely located in the physical and electronic files" of those employees. Id. Target further claim that, while they owned the patents marked on the Pants, they had no role in marking the patents on the Pants. Id. Presumably, this is intended to claim that Target have no witnesses or documents concerning that marking. Instead, Target imply that any witnesses and documents relating to marking the Pants would come from Kimberly-Clark Corporation ("K-C"), which designs and manufactures them. Id., at 2-3.

K-C, in turn, is a Delaware corporation with its "corporate office" in Irving, Texas. See Declaration of Elizabeth E. Metz, at 1, ¶ 2. K-C manufactures the Pants at its facility in Paris, Texas, but asserts that the Paris facility is "unlikely" to have any "unique documents" or other "unique sources of proof" concerning the markings on the Pants. Id., at 1, ¶ 3. See also Motion, at 3. This is so, Target and K-C assert, because all substantive decisions concerning the markings on the Pants are made by K-C employees (or were made by ex-employees) at its facility located in Neenah, Wisconsin. Id., at 2-3. Thus, the contention appears to be that all relevant documents, and all witnesses with relevant knowledge regarding the Pants, are located in the Eastern District of Wisconsin.[2] Further, K-C and Target claim, relevant documents and witnesses with relevant knowledge concerning the packaging in which the Pants are sold reside with another vendor also located in Neenah, Wisconsin. Id., at 3. While TDC has no evidence that any of these assertions is untrue, we note that they are qualified by the undefined term "unique." As we apprehend the matter, this means that K-C's Paris, Texas facility has "non-unique" sources of proof.

## II.    THE STANDARD APPLICABLE TO THE MOTION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the Court well knows, the Federal Circuit looks to regional circuit law with respect to venue transfer motions in patent cases. In this case, then, the Motion is governed by the transfer law of the Fifth Circuit, which is most recently articulated in In re Volkswagen of America, Inc., 545 F.3d 304, 310 (5th Cir. 2008) ("Volkswagen II"). See, e.g., In re TS Tech United States Corp., 551 F.3d 1315, 1319 (Fed. Cir. 2008). As with all requests for discretionary

---

[2]    Neenah, Wisconsin is located in the Eastern District of Wisconsin, and is in close proximity to Green Bay, Wisconsin. Four of the judges of the Eastern District of Wisconsin sit in Milwaukee, but Judge Greisbach sits in Green Bay. See www.wied.uscourts.gov (last visited on November 7, 2010). Target presumably seeks transfer to Judge Greisbach in Green Bay.

venue transfer, Target bear the significant burden of showing that the proposed transferee venue is clearly more convenient than the venue chosen by TDC. Personal Audio, LLC v. Apple, Inc., 2010 U.S. Dist. LEXIS 11899, at * 7 (E.D. Tex. February 11, 2010). Indeed, the party seeking a transfer must show good cause why a court should not defer to the plaintiff's choice of forum. See Mondis Tech. Ltd. v. Top Victory Electronics (Taiwan) Co. Ltd., 2009 U.S. Dist. LEXIS 103394, at * 4 (E.D. Tex. October 23, 2009), citing Volkswagen II.[3]

Under Volkswagen II, the threshold determination to be made under § 1404(a) is whether the plaintiff could have filed its claims in the judicial district to which transfer is sought. If so, then the analysis turns to balancing the convenience of the parties and the witnesses, which involves examining several private and public interest factors, none of which is given dispositive weight. The Fifth Circuit applies the private and public interest factors for determining forum non conveniens in deciding transfer motions under § 1404(a). See, e.g., Mondis Tech, supra, at * 5.[4] The private interest factors are: (i) the relative ease of access to sources of proof; (ii) the availability of compulsory process to secure the attendance of witnesses; (iii) the cost of attendance for willing witnesses; and (iv) all other practical problems that make trial of a case easy, expeditious and inexpensive. See Volkswagen II, supra, at 315. The public interest factors are: (i) the administrative difficulties flowing from court congestion; (ii) the local interest in

---

[3] It bears repeating that "[t]he burden on the…[party seeking to transfer venue] is 'significant,' and [that] for a transfer to be granted, the transferee venue must be 'clearly more convenient than the venue chosen by the plaintiff.'" Encana Oil & Gas (USA), Inc. v. TSC Sieber Services, L.C., 2010 U.S. Dist. LEXIS 88362,at * 7 (N.D. Tex. August 20, 2010), quoting Volkswagen II, supra, at 1315 n.10. See also, e.g., Nagra v. Amtrak, 2010 U.S. Dist. LEXIS 95110, at * 5 (E.D. La. August 20, 2010) (Movant faced with a significant burden).

[4] Target also correctly note that TDC's choice of venue is not a separate private or public factor. See Motion, at 5. This does not mean, however, that it is not a consideration at all. Rather, TDC's choice of the Eastern District of Texas as the venue for this case is an integral part of the burden Target must meet to show good cause to transfer venue, i.e., that the Eastern District of Wisconsin is clearly more convenient than this district as the venue for this case.

4

having localized interests decided at home; (iii) the familiarity of the forum with the law that will govern the case; and (iv) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. Id. In this case, Target has not met the heavy burden of establishing that the balance of the private and public factors shows that the Eastern District of Wisconsin is clearly a more convenient venue for this case. Accordingly, the Motion should be denied.

### III    ARGUMENT

A.    The Threshold Determination is Met in This Case.

The threshold determination to be made under § 1404(a) is whether TDC could have filed its claims in the Eastern District of Wisconsin. Target assert that this case could have been brought in that district. See Motion, at 4 n.5. TDC has no reason to question that assertion. Thus, Target have established the threshold requirement for venue transfer under § 1404(a).

B.    The Private Interest Factors Do Not Support Transfer.

1.    The Relative Ease of Access to Sources of Proof. Target assert that "the majority of, and the most material, documents and witnesses are located in the Eastern District of Wisconsin, where the relevant…[K-C] personnel, who have control of (and records regarding) the patent markings at issue work and maintain their files." Motion, at 6. Likewise, the same is said to be true with respect to the packaging for the Pants. Id., at 6-7. TDC accepts those claims at face value, and has no countervailing information with which to argue that the Eastern District of Wisconsin is not the situs of relevant documents and witnesses. Notably, however, Target and K-C are notably careful in qualifying sources of proof that might be found at K-C's facility in Paris, Texas, i.e., within the Eastern District of Texas. "[T]hat location," Target says, "is unlikely to house "unique sources of proof…." Id., at 7 (emphasis added). As noted above, we take that curious qualification to mean that the facility houses non-unique sources of proof.

5

Apparently, then, there are sources of proof available in this district. In addition, K-C's Paris, Texas facility undoubtedly has access to anything on the company's computer system that relates to the Pants. These facts greatly undermine the force of Target's argument, and readily distinguish this case from the facts of Vasudevan Software, Inc. Int'l Business Machines, 2009 U.S. Dist. LEXIS 104564 (E.D. Tex. November 10, 2009), upon which Target rely. Id. In that case, one of the defendants accused of patent infringement maintained a facility in Plano, Texas where it offered training classes for its allegedly infringing products. In discussing the public interest factors of the Volkswagen II analysis, the Court found that the facility's location did not give rise to a local interest in the controversy because it appeared to have little or no connection to the witnesses, evidence, and facts of the case. See 2009 U.S. Dist. LEXIS 104564, at * 9. K-C's Paris, Texas facility, on the other hand, appears to house documents relevant in this case.[5] On these facts, the first private interest factor is neutral, or weighs slightly in favor of transfer.

2.  The Availability of Compulsory Process to Secure the Attendance of Witnesses. Target note that the Eastern District of Wisconsin has subpoena power over the various potential witnesses it has identified. See Motion, at 8. We do not disagree with that proposition. Nor do we disagree with the commonplace that this Court cannot compel the attendance of those out-of-state witnesses. On the other hand, the Eastern District of Texas has subpoena power over documents and personnel at K-C's Paris, Texas facility, which the Eastern District of Wisconsin does not. Thus, no court has absolute subpoena power in this case, i.e., no court has the power to compel all relevant third-party documents and witnesses. See, e.g., Motiva LLC v. Nintendo Co.,

---

[5] In Vasudevan Software, the Court mentioned the defendant's Plano, Texas facility only in the context of the local interest public interest factor. That is, it did not discuss the facility in analyzing the private interest factor of relative access to sources of proof. See 2009 U.S. Dist. LEXIS 104564, at * 7-8. The likely reason for this treatment is that the facility had no sources of proof relevant to the case. Unlike that situation, K-C's Paris, Texas facility appears to house sources of proof relevant to this case, even if that evidence is not unique to the facility.

2009 U.S. Dist. LEXIS 55406, at * 9-10 (E.D. Tex. June 30, 2009), citing Volkswagen II, supra, at 316. Further, neither this Court, nor the Eastern District of Wisconsin, would have subpoena power over any of Target's ex-employees that ultimately may have relevant knowledge. Under these circumstances, the second private interest factor is neutral.

      3.      <u>The Cost of Attendance for Willing Witnesses</u>. With respect to the third private interest factor, consideration must be given to all parties and potential witnesses, no matter how unlikely it is that they will actually testify. <u>Aten Int'l Co., Ltd. v. Emine Technology Co., Ltd.</u>, 261 F.R.D. 112 (E.D. Tex. 2009). Transferring this case to the Eastern District of Wisconsin will greatly increase the cost of attendance for TDC's witnesses, who will be required to travel from Longview to Green Bay or Milwaukee, rather than to Marshall. Conversely, as Target observe, trial in the Eastern District of Wisconsin would be somewhat more convenient for its employees than would trial in Marshall. <u>See</u> Motion, at 9. But Target apparently also contend that none of their employees has knowledge relevant to this case. Thus, while consideration must be given to all parties' witnesses, the likelihood of inconvenience is much more certain for TDC than for Target. With respect to the parties, therefore, this factor weighs against transfer. With respect to third-party witnesses located in the Eastern District of Wisconsin, however, Target are correct that it favors transfer. On balance, then, this factor is neutral or slightly favors transfer.

      4.      <u>All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive</u>. Target are aware of no practical problems with having the trial of this case in either forum. <u>See</u> Motion, at 10. TDC likewise is unaware of any such problems. This factor is neutral.

    C.    <u>The Public Interest Factors Do Not Support Transfer</u>.

      1.      <u>Administrative Difficulties Flowing From Court Congestion</u>. "This factor relates to the speed with which a case can come to trial." <u>Aloft Media, Inc. v. Yahoo!, Inc.</u>, 2009 U.S.

7

Dist. LEXIS 48716, at * 22 (E.D. Tex. June 10, 2009). Target cites judicial caseload statistics indicating that (i) the median time to trial for cases in the Eastern District of Texas Courts is faster than the median time to trial in the Eastern District of Wisconsin, but (ii) the median time for all dispositions is faster in the Eastern district of Wisconsin than in the Eastern District of Texas. See Motion, at 10. On the basis of those measures, Target find this factor to be neutral. Id. We do not agree. Courts in this district have treated time-to-trial differences as meaningful and weighing against transfer. For example, in Aten Int'l Co., Ltd. v. Emine Technology Co., Ltd., 261 F.R.D. 112 (E.D. Tex. 2009), the evidence showed that the median time to trial in the transferee court (the Central District of California) was 21.3 months, as compared to 18 months in the Eastern District of Texas. 261 F.R.D. at 125. The Court found that "this factor weigh[ed] slightly against transfer." Id. (emphasis added). Thus, Target are wrong in suggesting that this factor is neutral. Instead, the differential in time-to-trial weighs against transfer.

      2.      <u>The Local Interest in Having Localized Interests Decided at Home</u>. Target assert that the Eastern District of Texas has no localized interest in this case, "being linked to the case only through the plaintiff's 'legal fiction.'" Motion, at 11. Conversely, they claim, the Eastern District of Wisconsin "has a strong localized interest in deciding the…case, as it serves as the home of the key businesses and individuals involved with the product in suit." Id. Accordingly, they conclude, the second public interest factor "weighs strongly in favor of transfer." Id. We do not agree. If the Eastern District of Wisconsin has a localized interest in this case because it is home to businesses "involved with the product in suit," then the Eastern District of Texas has the same localized interest because the Pants are manufactured in this district at K-C's facility in Paris, Texas. In other words, K-C is "involved with the product in suit" in both districts. All other considerations aside, this factor is neutral and does not weigh in favor of transfer.

Moreover, contrary to Target's assessment, the Eastern District of Texas has a localized interest in this matter because one its residents is the plaintiff. TDC is a bona fide Texas limited liability company with its principal office in Longview. This is not a "legal fiction." Indeed, TDC's status bears no similarity whatsoever to the out-of-state entity that factitiously claimed the Eastern District of Texas as its principal place of business in In re Zimmer Holdings. Inc., 609 F. 3d 1378 (Fed. Cir. 2010). It is one thing to say (correctly, we note) that a plaintiff trying to game the system by falsely claiming a meaningful presence in a particular locale should be treated as a "legal fiction" for that purpose. But it is quite another thing to say that an entity duly formed in this State with its sole place of business in this district is a "legal fiction" for purposes of venue analysis. Indeed, the Court implicitly recognized the distinction in stating that In re Zimmer held that "establishing a principal place of business in this district shortly before filing suit does not create a local interest." Software Reports Archive, LLC v. Google, 2010 U.S. Dist. LEXIS 73972, at * 16 (E.D. Tex. July 22, 2010) (Everingham, M.J.) We therefore reject Target's ham-handed invocation of In re Zimmer out of hand. The Court should do likewise. On balance, therefore, the second public interest factor weighs against transfer.

3. <u>Familiarity of the Forum with the Law that will Govern the Case</u>. Target make no claim that courts in the Eastern District of Wisconsin are more familiar with patent law than are courts in the Eastern District of Texas, and assert that both courts are equally suited to the task. Motion, at 11. TDC agrees. Thus, this factor is neutral to the determination under § 1404(a).

4. <u>Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law</u>. Target identify no issues regarding conflicts of law, and state that they are unaware of any such issues. See Motion, at 11-12. TDC likewise is aware of no conflicts issues. This factor also is neutral to the determination under § 1404(a).

IV. CONCLUSION

Target have not met their heavy burden of showing that transfer to the Eastern District of Wisconsin is warranted under § 1404(a). Specifically, they have failed to demonstrate that the balance of private and public interest factors reveals that Eastern District of Wisconsin is <u>clearly</u> more convenient as the venue for this case than the Eastern District of Texas. Accordingly, the Motion is without merit and should be denied.

Dated: November 8, 2010

Respectfully submitted,

/s/ *Gregory P. Love*

Gregory P. Love
Texas State Bar No. 24013060
Scott E. Stevens
State Bar No. 00792024
Matthew M. Hill
Texas State Bar No. 24041100
Jason A. Holt
Texas State Bar No. 24041122
Kyle J. Nelson
State Bar No. 24056031
STEVENS LOVE
P.O. Drawer 3427
Longview, Texas 75606
Phone: 903-753-6760
Fax: 903-753-6761
scott@stevenslove.com
greg@stevenslove.com
matt@stevenslove.com
jason@stevenslove.com
kyle@stevenslove.com

ATTORNEY FOR PLAINTIFF
TEXAS DATA CO. L.L.C.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 8th day of November, 2010.

/s/ *Gregory P. Love*
_____
Gregory P. Love